J-S21036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES DANIEL SPORISH, | |
| Appellant | No. 2059 EDA 2015 |

Appeal from the Order June 11, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003043-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 26, 2016**

Appellant James Daniel Sporish appeals from the order entered by the Court of Common Pleas of Delaware County dismissing his second petition under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"), without a hearing.  In his view, the PCRA court erroneously deemed his patently untimely second petition time-barred where he had pled and proven the existence of two "newly-discovered facts" exceptions.  Discerning no merit to his argument, we affirm.

The PCRA court aptly summarizes the pertinent case history as follows:

> Following a jury trial, Appellant was found guilty of rape, sexual assault, indecent assault without consent, aggravated assault, and terroristic threats[ in connection with acts committed against his girlfriend while staying at the apartment of one James Hamlin.]  Appellant was sentenced to an aggregate term of 210 to 540 months' incarceration.  A post-sentence motion

*Former Justice specially assigned to the Superior Court.

was filed and a hearing was held on May 27, 2007. The motion was denied on June 6, 2007.

Petitioner filed a timely counseled direct appeal raising eleven issues. The Pennsylvania Superior Court affirmed the judgment of sentence and on May 17, 2009, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.

[On December 16, 2009], Petitioner filed his first PCRA petition raising fifteen claims of ineffective assistance of counsel. PCRA counsel was appointed and filed an application to withdraw and a "no merit" letter. The petition was dismissed without a hearing on February 3, 2011. The denial of PCRA relief was affirmed by the Pennsylvania Superior Court and on July 16, 2012, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.

On April 4, 2015, Petitioner filed this untimely second PCRA Petition. [The PCRA court] issued its notice of intent to dismiss the petition without a hearing on May 6, 2015. Appellant filed his response on June 1, 2015. The petition was dismissed on June 11, 2015. Appellant filed an appeal on July 2, 2015 and his 1925(b) statement of matters complained of on appeal on August 3, 2015.

PCRA Court Opinion, filed August 18, 2015.

Our standard and scope of review for the denial of a PCRA petition is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d. 768, 775 (Pa.Super. 2014).

In his *pro se* appellate brief, Appellant initially addresses the jurisdictional question of whether he pled and proved an exception to the

statutory time-bar that would otherwise apply to require dismissal of his facially untimely appeal. In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the date when the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Appellant's petition, filed almost six years after his judgment of sentence became final, is patently untimely.

However, there are three exceptions to the time-bar of the PCRA. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any claim based on an exception to the time-bar must be filed within sixty days of the date it could have first been presented.

Appellant contends that his second PCRA petition contained two sufficiently-pled section 9545(b)(1)(ii) "newly-discovered facts" exceptions. The first alleged, newly-discovered fact consisted of his private investigator's interview of James Hamlin in which Hamlin answered prepared questions regarding his recollection of events, dates, and times pertinent to the alleged rape that occurred in the bedroom of his apartment. Specifically, Hamlin remembered no dates, claimed not to know what Appellant and the victim did in the bedroom, and confirmed only some of the more general facts in the leading questions that Appellant himself had prepared. The second alleged fact consisted of a newspaper television guide establishing the days

and times on which "The Sopranos" television show aired on the week in question. At trial, the victim referenced the television show they were watching to set the time of the rape at around 9:00 or 10:00 p.m. of Monday, March 14, 2006. The guide would have impeached the victim on this critical point, Appellant maintains, as the hours she cited belonged to the Sunday, March 13, 2006, airing, not the Monday airing, which ran from 10:00 to 11:00 p.m.

This Court has stated as follows concerning the newly discovered facts exception:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted). ***See also Commonwealth v. Frey***, 517 A.2d 1265, 1268 (Pa. 1986) (rejecting claim that fellow conspirator's statement was newly-discovered evidence: "If the events recounted . . . actually occurred, [the] appellant was obviously aware of them since [the] appellant was a party to those events").

Viewed in light of governing authority, neither of Appellant's proffers amounts to a newly-discovered fact in satisfaction of section 9545(b)(1)(ii). Plainly, Appellant knew what happened between himself and the victim in Hamlin's apartment while Hamlin was there. Indeed, he prepared an interview of Hamlin by setting forth questions containing all the facts and statements he sought to elicit from Hamlin. As such, Hamlin was merely a new source of facts previously known to Appellant, and, therefore, his statement does not come under the section 9545(b)(1)(ii) exception.

As for the television guide listing, Appellant cannot explain why such a readily available source of information could not have been obtained earlier with the exercise of due diligence. To the extent he places blame on prior counsel for having failed to secure such evidence, it is well-settled that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000). Accordingly, we conclude that the lower court properly ruled that it did not have jurisdiction to entertain petitioner's time-barred petition.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2016